UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| LORENZO CHAMBERS, | **STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL** |
| Plaintiffs, | |
| -against- | 11-CV-920 (RRM)(MDG) |
| SUPERINTENDENT OF CENTER-74, DEPUTY MISS JOHNSON, CORRECTION OFFICER COCKBURN, SHIELD #17563, CAPTAIN BRUY, SHIELD #827, CORRECTION OFFICER FINNIE, SHIELD #17302, CITY OF NEW YORK, DEPARTMENT OF CORRECTION, CORRECTION OFFICER DAVIS, CAPTAIN HOPKIN, | |
| Defendants. | |

------------------------------------------------------------X

**WHEREAS**, plaintiff commenced this action by filing a complaint on or about February 21, 2011, alleging that defendants violated his federal civil and state common law rights; and

**WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

2

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff LORENZO CHAMBERS the sum of Two Thousand Dollars ($2,000) in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal, with prejudice, of all the claims against defendants City of New York, Warden Duffy (sued herein as "Superintendent of Center-74"), Correction Officer Cockburn, Captain Bruij (sued herein as "Captain Bruy"), Correction Officer Finnie, Captain Hopkin, C.O. Davis, and Deputy Johnson, and to release all defendants, and any present or former employees and agents of the City of New York or any agency thereof, including but not limited to the New York City Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to the attorney for defendants City of New York, Warden Duffy (sued herein as "Superintendent of Center-74"), Correction Officer Cockburn, Captain Bruij (sued herein as "Captain Bruy"), Correction Officer Finnie, Captain Hopkin, C.O. Davis, and Deputy Johnson, all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside

Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have, in any manner or way, violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants City of New York, Warden Duffy (sued herein as "Superintendent of Center-74"), Correction Officer Cockburn, Captain Bruij (sued herein as "Captain Bruy"), Correction Officer Finnie, Captain Hopkin, C.O. Davis, and Deputy Johnson, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

| | |
|---|---|
| Lorenzo Chambers, Plaintiff *Pro Se*<br>09-A-5116<br>Livingston Correctional Facility<br>PO Box 91<br>Sonyea, NY 14556 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>100 Church Street, Rm. 3-183<br>New York, New York 10007<br>(212) 788-1300 |
| By: /s/ Lorenzo Chambers<br>LORENZO CHAMBERS,<br>Plaintiff *Pro Se*, | By: /s/ Joseph Marutollo<br>Joseph A. Marutollo<br>Assistant Corporation Counsel |
| Dated: _____, New York<br>Sept 2, 2011 | Dated: New York, New York<br>9/30/11, 2011 |

Dated: Brooklyn, New York
  Oct 4, 2011

SO ORDERED:

  s/RRM
_____/
HONORABLE ROSLYNN MAUSKOPF
UNITED STATES DISTRICT JUDGE